1  STEVEN W. PITE (CA SBN 157537)
   DAVID E. McALLISTER (CA SBN 185831)
2  KATHERINE L. JOHNSON (CA SBN 259854)
   PITE DUNCAN, LLP
3  4375 Jutland Drive, Suite 200
   P.O. Box 17933
4  San Diego, CA 92177-0933
   Telephone: (858)750-7600
5  Facsimile: (619) 590-1385

6  Attorneys for  HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
                 HOLDERS OF NOMURA HOME EQUITY LOAN, INC., HOME EQUITY
7                LOAN TRUST, SERIES 2007-1

8                   UNITED STATES BANKRUPTCY COURT

9          NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10  In re                                  Case No.09-57427-RLE

11  HERNANDO G. CAAMPUED AND               Chapter 7
    CECILIA CAAMPUED,
12                                         R.S. No.  KLJ-457
          Debtor(s).
13                                         MOTION FOR RELIEF FROM
                                           AUTOMATIC STAY
14                                         (11 U.S.C. § 362 and Bankruptcy Rule 4001)

15                                         DATE:        October 28, 2009
                                           TIME:        10:30AM
16                                         CTRM:        3099

17                                         280 S 1st St. #3035
                                           San Jose, CA 95113-3004
18

19       HSBC Bank USA, National Association, as Trustee for the holders of Nomura Home

20  Equity Loan, Inc., Home Equity Loan Trust, Series 2007-1 ("Movant"), moves this court for an

21  order terminating the automatic stay of 11 U.S.C. § 362 as to Movant, so that Movant may

22  commence and continue all acts necessary to enforce its security interest in real property

23  generally described as 5499 Indian River Dr Unit #361, Las Vegas, Nevada 89103.

24       On or about September 1, 2009, Hernando G. Caampued ("Borrower") and Cecilia

25  Caampued (collectively, the "Debtors") filed a voluntary petition under Chapter 7 of the

26  Bankruptcy Code, and Suzanne Decker was appointed as Chapter 7 Trustee.  As a result of said

27  filing, certain acts and proceedings against Debtors and the bankruptcy estate are stayed as

28  provided in 11 U.S.C. § 362.

1

Movant moves this court for relief from stay under 11 U.S.C. §§ 362(d)(1) and 362(d)(2).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(2).

### NO EQUITY

11 U.S.C. § 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's effective reorganization.

> In In re San Clemente Estates, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated that:
> § 362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under § 362(d)(1). (Emphasis added).

Id. at 610 (emphasis added).

In In re Mikole Developers, Inc., 14 B.R. 524, 525 (Bankr. E.D. Pa. 1981), the court stated that in determining whether equity exists in the property for purposes of § 362(d)(2), all encumbrances are totalled, whether or not all the lienholders have joined in the request for relief from stay. The Ninth Circuit has concurred with this view in Stewart v. Gurley, 745 F.2d 1194 (9th Cir. 1984).

An appropriate cost of sale factor should also be added to determine if the debtor has any equity in the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates, 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982).

On or about August 28, 2006, Borrower, for valuable consideration, made, executed and delivered to Silver State Financial Services, Inc d/b/a Silver State Mortgage ("Lender") a Note in the principal sum of $135,900.00 (the "Note"). Pursuant to the Note, Borrower is obligated to make monthly principal and interest payments commencing October 1, 2006, and continuing until September 1, 2036, when all outstanding amounts are due and payable. The Note provides

2

1  that, in the event of default, the holder of the Note has the option of declaring all unpaid sums

2  immediately due and payable.  A true and correct copy of the Note is attached to the

3  Declaration in Support of Motion for Relief From Automatic Stay as exhibit A and incorporated

4  herein by reference.

5      On or about August 28, 2006, the Borrower made, executed and delivered to Lender a

6  Deed of Trust (the "Deed of Trust") granting Lender a security interest in real property

7  commonly described as 5499 Indian River Dr Unit #361, Las Vegas, Nevada 89103 (the "Real

8  Property"), which is more fully described in the Deed of Trust.  The Deed of Trust provides that

9  attorneys' fees and costs incurred as a result of the Debtors' bankruptcy case may be included in

10  the outstanding balance under the Note.  The Deed of Trust was recorded on September 6,

11  2006, in the Official Records of Clark County, State of Nevada.  A true and correct copy of the

12  Deed of Trust is attached to the Declaration in Support of Motion for Relief From Automatic

13  Stay as exhibit B and incorporated herein by reference.

14      Subsequently, all beneficial interest in the Note and the Deed of Trust was sold,

15  assigned and transferred to Movant.  A true and correct copy of the Corporation Assignment of

16  Deed of Trust evidencing the Assignment of the Note and Deed of Trust to Movant is attached

17  to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit C and

18  incorporated herein by reference.

19      The obligation under the Note is in default as of May 1, 2008, for failure to make

20  payments to Movant.  As of September 18, 2009, the total obligation due and owing under the

21  Note is in the approximate amount of $151,692.59, representing the principal balance of

22  $135,900.00, interest in the sum of $14,248.04, late charges in the amount of $524.55, a

23  recoverable balance in the amount of $990.00, and other fees in the amount of $30.00.  This is

24  an approximate amount for purposes of this Motion only, and should not be relied upon as such

25  to pay off the subject loan as interest and additional advances may come due subsequent to the

26  filing of the Motion.  An exact payoff amount can be obtained by contacting Movant's counsel.

27  Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the

28  instant Motion.  Moreover, the total arrears under the Note are in the approximate sum of

3

1  $16,293.11, excluding the post-petition attorneys' fees and costs incurred in filing the instant

2  Motion. A true and correct copy of the contractual payment accounting pursuant to Local Rule

3  4001-1(g)(1) is attached to the Declaration in Support of Motion for Relief From Automatic

4  Stay as exhibit D and incorporated herein by reference.

## II.

## RELIEF FROM STAY

## LACK OF EQUITY

Movant is informed and believes that, based on the Debtors' bankruptcy Schedules and Statements, the fair market value of the Property is approximately $50,000.00. True and correct copies of the Debtors' bankruptcy Schedules "A" and "D" are collectively attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit E and incorporated herein by reference.

Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $50,000.00 |
| Less: | |
| Movant's Trust Deed | $151,692.59 |
| Specialized Loan's 2nd Trust Deed | $18,000.00 |
| Costs of Sale (8%) | $4,000.00 |
| Equity in the Property: | $<123,692.59> |

As a result, there is no equity in the Property for the bankruptcy estate. Moreover, since this is a Chapter 7 proceeding, there is no reorganization in prospect. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

## III.

## MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1).

## CAUSE - LACK OF ADEQUATE PROTECTION

Pursuant to the provisions of 11 U.S.C. §§ 361 and 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

/././

/././

4

1        Movant submits that adequate protection in this case requires normal and periodic cash

2 payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed

3 to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

4        Movant is informed and believes that Debtors are presently unwilling or unable to

5 provide adequate protection to the Movant and there is no probability that adequate protection

6 can be afforded to Movant within a reasonable time.

7        By reason of the foregoing, Movant is entitled to relief from stay under 11 U.S.C.

8 § 362(d)(1), based upon the failure of Debtors to provide adequate protection to Movant.

9        WHEREFORE, Movant respectfully prays for an Order of this court as follows:

10     1.     Terminating the automatic stay of 11 U.S.C. § 362, as it applies to the

11 enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of

12 Trust;

13     2.     That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

14     3.     Granting Movant leave to foreclose on the Real Property and to enforce the

15 security interest under the Note and the Deed of Trust, including any action necessary to obtain

16 possession of the Property;

17     4.     Permitting Movant to offer and provide Debtors with information re: a potential

18 Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan

19 Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtors;

20     5.     Alternatively, in the event this court declines to grant Movant the relief requested

21 above, Movant requests that an Order for adequate protection be issued, requiring the Debtors to

22 reinstate and maintain in a current condition all obligations due under the Note and Deed of

23 Trust and all other deeds of trust encumbering the Real Property, including Debtors' obligations

24 to pay when due (a) the monthly installments of principal and interest, as required under the

25 Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtors

26 in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs

27 incurred in the filing of this motion;

28 /././

5

1    6.    That the attorneys' fees and costs incurred by Movant for filing the instant Motion

2  be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy

3  law; and

4    7.    For such other and further relief as the court deems just and proper.

5

6  Dated: October 5, 2009                    PITE DUNCAN, LLP

7

8                                            /s/ KATHERINE L. JOHNSON (CA SBN 259854)
                                             Attorneys for HSBC BANK USA, NATIONAL
9                                            ASSOCIATION,   AS   TRUSTEE   FOR   THE
                                             HOLDERS  OF  NOMURA  HOME  EQUITY
10                                           LOAN, INC., HOME EQUITY LOAN TRUST,
                                             SERIES 2007-1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6